IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEREMY ELLERBEE, and DONALD HARRIS,　　　　　　　　　　PLAINTIFFS
on behalf of themselves, and others similarly situated

v.　　　　　　　　　　　　　　　　　　　　No.: _____

　　　　　　　　　　　　　　　　　　　　　　　　　　　　JURY DEMANDED

FREEDOM SECURITY, INC., a domestic corporation,
and LINDA ROSSER, individually　　　　　　　　　　　　DEFENDANTS

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiffs, Jeremy Ellerbee and Donald Harris (collectively "Plaintiffs"), were employees of Defendants, Freedom Security, Inc., and Linda Rosser (collectively "Defendants") and bring this action for unpaid overtime compensation, breach of contract, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiffs were security guards and performed other related duties for Defendants in, among others, Cobb County, Georgia.

　　　1.　　Defendant Freedom Security, Inc., is a Georgia Corporation with its principal place of business in Acworth, Georgia, that operates and conducts business in, among others, Cobb County, Georgia, and is therefore, within the jurisdiction of this Court.

　　　2.　　Defendant, Linda Rosser, is an adult resident citizen of Georgia, who owns and operates Freedom Security, Inc., and, upon information and belief regularly exercises the authority to: (a) hire and fire employees; (b) determine the work schedules for her employees; and (c) control the finances and operations of the business. By virtue of having regularly exercised that authority on behalf of Freedom Security, Inc., Ms. Rosser is an employer as defined by 29 U.S.C. § 201 *et. seq.*

3. This action is brought under the FLSA to recover from Defendants overtime compensation, damages from breach of contract, liquidated damages, and reasonable attorneys' fees and costs.

4. This Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331 and the FLSA.

5. This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

6. Based upon information and belief, Defendants currently are and at all material times were an enterprise as defined by 29 U.S.C. § 203(r) and (s), as it is believed that Defendants have an annual business dollar volume of at least $500,000.

7. Defendants are engaged in interstate commerce.

8. Defendants have two or more employees of their enterprise individually engaged in commerce or who otherwise individually meet the traditional test of individual coverage.

9. Plaintiffs were individually covered by the FLSA as they utilized the instrumentalities of commerce in performing their security guard duties.

10. Defendants refused to properly pay Plaintiffs for all hours worked.

11. At all times relevant to this action, Defendants failed to comply with 29 USC §§ 201-209, because Plaintiffs, performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiffs for each and every hour worked during their employment with the Defendant.

12. During their employment with Defendants, Plaintiffs were not paid for each hour worked.

13.     Plaintiffs never received certain paycheck's due and owing, and Defendants have willfully refused to pay Plaintiffs for all of their hours worked.

14.     Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked, the pay Plaintiffs earned, and the amounts actually paid to Plaintiffs are in the possession, custody, or control of Defendants.

## COUNT ONE:
## FAILURE TO PAY OVERTIME COMPENSATION

15.     Plaintiffs reassert and incorporate by reference all previous paragraphs.

16.     Plaintiffs and other similarly situated employees are entitled to be paid overtime compensation at one and one half times their regular rate of pay for each hour worked in excess of forty (40) hours in any work given week.

17.     During their employment with Defendants, Plaintiffs and other similarly situated employees worked overtime hours.

18.     Defendants failed to compensate Plaintiffs and other similarly situated employees at one and one-half times their regular rate of pay for overtime hours that they worked, in violation of the FLSA.

19.     This action is brought pursuant to the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every similarly situated, hourly paid employee who worked for Defendants at any time within the past three (3) years.

20.     This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.§ 1337 and the FLSA. This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

21. At all relevant times, Defendants were an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203 (r) and 203 (s). Additionally, Plaintiffs and those similarly situated were engaged in interstate commerce during their employment with Defendants.

22. At all relevant times, Defendants failed to pay Plaintiffs and other similarly situated employees at one and one-half times their regular pay rate for services they rendered to Defendants beyond a forty (40) hour workweek. As such, Defendants failed to comply with 29 U.S.C. §§ 201-209.

23. Any additional persons who may become plaintiffs in this action are employees (or former employees) of Defendants who, like Plaintiffs, were not compensated at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours during one or more work weeks within the past three (3) years.

24. Upon information and belief, official records documenting the hours worked by Plaintiffs and similarly situated employees – to the extent such records exist – are in the possession, custody, and control of Defendants.

## COUNT TWO:
## BREACH OF CONTRACT

25. Plaintiff reasserts and incorporates by reference all previous paragraphs.

26. Defendants verbally agreed to pay the Plaintiffs and other similarly situated employees a bi-weekly gas allowance of $2.00 per hour worked by Plaintiffs to offset the fuel costs that Plaintiffs necessarily incurred in the performance of his duties as Defendant's employee.

27. Plaintiffs and those similarly situated to the Plaintiffs agreed to work for Defendants under the aforesaid terms and conditions, and they relied upon same in their decisions to enter into Defendant's employ.

28.    Notwithstanding this agreement, Defendants failed to compensate the Plaintiffs and similarly situated employees as agreed, constituting a breach of said verbal agreement.

29.    As a result of said breach, the Plaintiffs and other similarly situated employees suffered damages.

30.    Defendants agreed to pay Plaintiffs at an hourly rate for all of the work performed by Plaintiffs.

31.    Notwithstanding this agreement, Defendants failed to compensate Plaintiffs for all of their hours worked.

32.    Notwithstanding this agreement, Defendants failed to pay Plaintiffs any significant compensation for several weeks of their employ, constituting a breach of said agreement.

## REQUESTED RELIEF

33.    Defendant's failure to adequately compensate the Plaintiffs and similarly situated employees was intentional, willful, and/or reckless.

34.    As a result of Defendant's intentional, willful, and/or reckless refusal to lawfully compensate the Plaintiffs and other similarly situated employees for services they rendered to Defendants, the Plaintiffs and Plaintiff's similarly situated co-workers have suffered damages and incurred reasonable attorney's fees and costs.

35.    As a result of Defendant's intentional, willful, and/or reckless violation(s) of the FLSA, the Plaintiffs and other similarly situated employees are entitled to liquidated damages from Defendants.

36.    Plaintiffs respectfully demand a trial by jury.

WHEREFORE, Plaintiffs hereby seek judgment against Defendants ordering payment of all unpaid wages found to be due and owing under the FLSA and their employment agreements, pre-judgment and post-judgment interest where applicable, payment of liquidated damages, payment of reasonable attorneys' fees and costs incurred as a result of this litigation, declaratory relief, and such further relief as this Honorable Court may deem to be just and proper.

        Respectfully submitted,

        MORGAN & MORGAN, PA

        s/Jennifer M. Bermel
        Jennifer M. Bermel, #
        2600 One Commerce Square
        Memphis, Tennessee 38103
        Tel: (901) 217-7000
        Fax: (901) 333-1871
        Email: jbermel@forthepeople.com

Dated: October 27, 2010